United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE S. GUTHERY, | No. C 07-1881 MMC (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| AGENT SHAWN KEY, | (Docket No. 4) |
| Defendant. | |

On April 4, 2007, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendant, a California parole official, violated his constitutional rights in connection with the revocation of his parole. Plaintiff has applied for leave to proceed in forma pauperis.

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

1 committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42,
2 48 (1988).

3 Plaintiff alleges his constitutional rights were violated in connection with the
4 revocation of his parole in March 2007, which revocation led to plaintiff's present
5 incarceration.[1]  The Supreme Court has consistently held that any claim by a prisoner
6 attacking the fact or duration of his confinement must be brought by way of a petition for a
7 writ of habeas corpus. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v.
8 Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  In
9 particular, a prisoner must file a habeas petition if the nature of his claim is such that it may
10 result in his entitlement to an earlier release, such as a claim for violation of rights in
11 connection with the revocation of parole. See Butterfield v. Bail, 120 F.3d 1023, 1024 (9th
12 Cir. 1997); see also Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990); Bostic v.
13 Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).  A civil rights complaint seeking habeas relief
14 is subject to dismissal without prejudice to the prisoner's bringing his claim in a petition for a
15 writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

16 Accordingly, the instant complaint is DISMISSED, without prejudice to plaintiff's
17 refiling his claims in a petition for a writ of habeas corpus after he has exhausted those
18 claims in the state courts.  In light of the dismissal, the application to proceed in forma
19 pauperis is DENIED.  No fee is due.

20 This order terminates Docket No. 4.
21 The Clerk shall close the file.
22 IT IS SO ORDERED.
23 DATED: June 8, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiff does not seek money damages, but rather injunctive relief.  Because plaintiff does not allege that the parole board's decision has been reversed, expunged, set aside or called into question, plaintiff cannot seek money damages based upon alleged constitutional violations that led to his confinement following the parole revocation hearing. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995).